# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MICHAEL S. PRUITT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV612-021 |
| EMMANUEL COUNTY, GEORGIA, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Michael S. Pruitt's *pro se* complaint under the Americans with Disabilities Act of 1990 (ADA), § 201, 42 U.S.C.A. § 12131. Doc. 1. He moves for leave to file it without paying the Court's filing fee. Doc. 2. While housed in the Emanuel County, Georgia Detention Center, Pruitt, who is an "insulin dependent diabetic," doc. 1 at 3, suffered from "persistent diabetic foot ulcers which affect[ed his] ability to engage in major life functions of standing and walking and also plac[ed him] at an increased risk of infections." *Id*. He says he repeatedly informed jail staff of this but was ignored, and thus the staff failed to reasonably accommodate him by waiving its security ban on plastic bags so he could shower with them over his partially amputated

foot. This caused, he claims, various medical maladies. *Id.* at 3-7. Suing three named county jail officials in their official capacities "under Title II of the ADA,"[1] *id.* at 7, he seeks "$250,000 from each defendant for

---

[1] Hence, he sues under Title II of the (ADA), § 201, 42 U.S.C.A. § 12131. Its purpose is "to provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It prohibits discrimination against individuals with disabilities in employment (Title I), public services, programs and activities (Title II), and public accommodations (Title III). *Rosenberg v. Whitehead*, 2011 WL 868809 at * 6 (D.N.J. Mar. 10, 2011). Under Title II, "no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *American Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011).

"Private citizens are authorized to bring suit for damages against . . . state and local governments, their agencies and instrumentalities, and state officers in their official capacities. 42 U.S.C. § 12133." *Brandt v. Acuff*, 2012 WL 665625 at * 5 (D.N.J. Feb. 29, 2012). "[S]tate prisons qualify as public entities for ADA purposes," *Winkels v. Morales*, 2011 WL 1226220 at * 6 (S.D. Ga. Mar. 1, 2011), so inmates can bring Title II claims. *United States v. Georgia*, 546 U.S. 151, 153–60 (2006) (reversing decision that paraplegic prisoner had not stated claim under Title II of the ADA); *Hawkins v. California*, 2012 WL 639550 at * 4 (E.D. Cal. Feb. 27, 2012) ("Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities."). However, the complained of conduct must also violate the Eighth Amendment, as incorporated by the Fourteenth Amendment. *Hale v. King*, 642 F.3d 492, 497-98 (5th Cir. 2011); *Hodges v. Wright*, 2011 WL 5554866 at * 8 (N.D.N.Y. Sep. 29, 2011); *Pauline v. State of Hawaii Dept. of Pub. Safety*, 773 F.Supp.2d 914, 924 (D. Hawaii 2011). Hence, Pruitt must plead that a defendant acted with "deliberate indifference to his rights under the ADA." *Curry v. Tilton*, 2012 WL 967062 at * 9 (N.D. Cal. Mar. 21, 2012).

Finally, Title II authorizes money damages from the state: "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Georgia*, 546 U.S. at 159; *see also Toeller v. Wisconsin Dept. of Corrections*, 461 F.3d 871, 874-75 (7th Cir. 2006). Title II's definition of "public entity" includes "any state or local government," and "any department, agency, or special purpose district, or other instrumentality of a State or States *or local*

2

violating [his] rights under Title II of the ADA by refusing to [accommodate him]. . . ." *Id.* at 7. Since he cannot bring an ADA claim against an invidual, he in effect sues only Emmanuel County, Georgia. *See Swagerty v. Palagummi*, 2012 WL 695994 at *5 (E.D. Cal. Mar. 1, 2012). The above caption has thus been amended accordingly, the Clerk is **DIRECTED** to amend the docket caption to that extent, and all subsequent filings shall conform.

The Court **GRANTS** Pruitt leave to proceed *in forma pauperis* (IFP), doc. 2, as he is indigent. But his IFP status requires the Court to *sua sponte* determine whether his complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Alba v. Montford*, 517 F.3d 1249, 1251-52 n. 3 (11th Cir. 2008); *Walker v. Sun Trust Bank Of Thomasville, GA*, 363 F.

---

government." 42 U.S.C. §§ 12131(1)(A), (B) (emphasis added). Hence, a jail inmate can recover ADA, Title II money damages from a county, and *respondeat superior* applies in this context. *Wilkins-Jones v. County of Alameda*, 2012 WL 892179 at * 7 (N.D. Cal. Mar. 14, 2012).

App'x 11, 15 (11th Cir. 2010). Thus, the Court will screen his complaint under § 1915(e)(2).[2]

Pruitt must plead and thus ultimately show three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Harris*, 647 F.3d at 1101 (footnote omitted); *Hale*, 642 F.3d at 499; *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir.1996). For the purposes of this ruling the Court will assume he has pled enough to meet the first element.[3] On the second element he "may establish

---

[2] A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotes and cites omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Pruitt must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

[3] An ADA plaintiff

> is disabled if he has "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(2). Major life activities include "functions such as caring for oneself, performing manual tasks, *walking*, seeing, hearing, speaking,

discrimination by presenting evidence that the defendant intentionally acted on the basis of the disability, the defendant refused to provide a reasonable modification, or the defendant's denial of benefits disproportionately impacts disabled people." *Culvahouse v. City of LaPorte*, 679 F.Supp.2d 931, 937 (N.D.Ind. 2009); *see also Georgia*, 546 U.S. at 157 ("it is quite plausible that the alleged deliberate refusal of prison officials to accommodate [plaintiff's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted exclu[sion] from participation in or ... den[ial of] the benefits of' the prison's services, programs, or activities.") (quotes and cite omitted). On the third element Pruitt must show that he was denied some sort of public facility benefit "by reason of his disability." *Harris*, 647 F.3d at 1101.

---

breathing, learning, and working." [*Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1264 (11th Cir. 2007)] (*quoting* 29 C.F.R. § 1630.2(i) (2007)).

*Shepard v. United Parcel Service, Inc.*, 2012 WL 833369 at *1 (11th Cir. Mar. 14, 2012) (emphasis added). Pruitt alleges that he suffers "from recurrent and persistent diabetic foot ulcers which affect my ability to engage in the major life functions of standing and walking and also place me at an increased risk of infections." Doc. 1 at 2. That *may* suffice pleadings-wise. *See Jeudy v. Holder*, 2011 WL 5361076, *5 (S.D. Fla. Nov. 7, 2011) (collecting cases); *Hale*, 642 F.3d at 500; *Curry*, 2012 WL 967062 at * 10-11.

Hence, a jail official's failure to accommodate Pruitt based on negligent or "wooden-headed" (someone simply failed to think through the "no-plastic-bag regulation" and make an exception to it) does not a Title II (ground 3) claim make. *See, e.g., Swagerty*, 2012 WL 696994 at * 4 ("Plaintiff does not allege that he was excluded from participating in a medical services program, or that any such exclusion was based on his disability. Plaintiff also fails to allege facts demonstrating deliberate indifference on the part of a public entity in order to show discriminatory intent. At most, plaintiff alleges negligent acts, or a difference of opinion as to what accommodations should be made for plaintiff's disability"); *Rosenberg*, 2011 WL 868809 at * 6 (rejecting ADA claim because at most plaintiff alleged a dereliction of duty, not that the dereliction resulted from any discriminatory animus."); *Boyd v. Johnson*, 2011 WL 1196320 at * 6 (S.D. Ill. Mar. 29, 2011) (the mere failure to provide necessary medical treatment does not support an ADA violation); *Pauline*, 773 F. Supp. 2d at 924 (no ADA claim stated; prisoner failed to allege what service, program, or activity he was entitled to participate in but was denied either access to or benefit from on the basis of his disability, or that alleged assault by prison employees was related to his alleged

mental disability); *cf. Tandel v. County of Sacramento*, 2012 WL 602981 at * 24 (E.D. Cal. Feb. 23, 2012) ("Plaintiff has sufficiently demonstrated that, solely by a reason of his disability, he was excluded from receiving the benefits of services ordinarily provided by the Jail's psychiatric unit.").

For that matter, Pruitt must also plead the extent to which the misconduct also violated the Fourteenth Amendment under the *Georgia* analysis. *See Georgia*, 546 U.S. at 159. He thus must allege that prison officials acted on subjective intent to harm him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hodge v. McNeil*, 2011 WL 3101781 at * 4 (S.D. Fla. Jul. 25, 2011). At most he has alleged obstinate adherence to a prison safety regulation that should have been waived for him, and *not* deliberate discrimination. Generalized allegations do not suffice. *Winkels*, 2011 WL 1226220 at * 6.

Pruitt's case thus fails. And given the thoroughness of his presentation, it seems likely that *sua sponte* granting him leave to amend would only be futile. Since his case is thus still-born, it therefore must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 9th day of April, 2012.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA